**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>GINGER SIRIKANJANACHAI,<br><br>Debtor | Chapter 7<br>Case No. 17-12526-FJB |

**MEMORANDUM OF DECISION**
**ON DEBTOR'S MOTION TO RECONSIDER [DOC. #132]**

By the motion before the Court (the "Motion"), the chapter 7 debtor, Ginger Sirikanjanachai ("the Debtor"), seeks reconsideration of an order (Dkt. #124, the "Order") whereby the Court denied her motion to avoid a judicial lien (the "Original Motion") in favor of the Commonwealth of Massachusetts (the "Commonwealth"). She had moved under 11 U.S.C. § 522(f)(1) to avoid the lien as one impairing an exemption to which she would be entitled.  In the Order, the Court denied the Original Motion on the basis of mootness.  The Debtor now seeks reconsideration of the Order.  I will treat the Motion as one under Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024, for relief from an order. Although the Order was premised on information provided by the Commonwealth that the Commonwealth then promptly reported was inaccurate, and therefore the motion may not have been moot when the Order entered, for reasons stated herein, the Order was also justified by dispositive defects in the merits of the Original Motion, and accordingly the Motion must be denied.

**FACTS**

The facts are as follows. In April 2014, the Commonwealth commenced in the Massachusetts Superior Court a civil action under the False Claims Act (the "False Claims Action") against the Debtor and, in that action, obtained a prejudgment attachment in the amount of $55,000 on all the Debtor's real property interests in the Commonwealth to secure any judgment. Her interests in real property

included (she contends) an interest in real property located at 11 Crooked Meadow Lane, Hingham, Massachusetts ("the Crooked Meadow Property"). In December 2014, the Crooked Meadow Property was sold, and, by order of the Superior Court, $55,000 of the proceeds were placed in escrow with the Sheriff of Plymouth County. The escrow order amounted to a substitute judicial lien for the attachment, with the funds to be distributed after judgment, to the Commonwealth if it prevailed and to the Debtor if not. On June 26, 2017, the Superior Court entered judgment in the False Claims Action for the Commonwealth in the amount of $50,000. The judgment included the following order: "The Court hereby orders the Sheriff of Plymouth County to release the monies held in escrow in the amount of fifty thousand dollars ($50,000) to be paid to the Commonwealth of Massachusetts."

One week later, on July 3, 2017, the Debtor commenced this chapter 7 bankruptcy case. In the case thereby commenced, she filed a schedule of the property she then owned (Schedule A/B) [doc. #1] and then an amended version of the same schedule [doc. #17], but nowhere in either did she disclose an interest in this $55,000 fund in escrow. She listed an interest in only one piece of real estate, a condominium at 23 Ridgewood Crossing, Hingham, Massachusetts ("the Condo") which was then and has at all relevant times been her residence. In the schedule of the property she claimed as exempt (Schedule C) [doc. #1], she claimed the Condo as exempt, first under § 522(d)(1), and then, in an amended version of Schedule C [doc. #15], under MASS. GEN. LAWS ch. 188. She listed no claim of exemption as to the monies in escrow.

On July 25, 2017, three weeks after commencing her bankruptcy case, the Debtor filed a notice of appeal to the Massachusetts Appeals Court from the judgment in the False Claims Action. On October 31, 2018, the Massachusetts Appeals Court affirmed the judgment. And on December 31, 2018, the Superior Court entered a Judgment after Rescript, simply affirming the original judgment. Back in the bankruptcy case, the Debtor filed a motion to avoid a judicial lien held by the Town of Hingham on the Condo [doc. #91]. That motion was based on allegations that the lien held by the Town

2

of Hingham impaired a homestead exemption to which the Debtor was entitled on her Condo. Finding that the Town's judicial lien did impair a homestead exemption under MASS. GEN. LAWS ch. 188 on her Condo, the Court, by order entered on February 14, 2019 [Doc. #104], granted that motion and avoided the Town's lien on the Condo. That order was based on a claim of exemption by the Debtor as to her Condo.

The Debtor then turned her attention to a judicial lien held by the Commonwealth. The lien in question, the only lien that the Commonwealth had, was the judicially established escrow account, which was intended to preserve as prejudgment security the $55,000 proceeds from the sale of property in which the Debtor apparently had had an interest. The first iteration of the Debtor's motion to avoid this judicial lien of the Commonwealth was doc. #107, which the Court denied without prejudice, stating: "Denied without prejudice. Section 522(f) authorizes the avoidance of the fixing of a judicial lien on an interest of the debtor in property that the debtor would (but for the lien) have been entitled to claim as exempt. The present motion does not clearly identify (i) the property in question, (ii) the judicial lien that allegedly impairs it, and (iii) the exemption under which she contends that she could claim the property as exempt. As a consequence, the Court cannot know with any confidence what it is being asked to adjudicate, and the Commonwealth of Massachusetts cannot have fair notice of the relief being sought."

On July 16, 2019, the Debtor promptly filed an amended motion to avoid the Commonwealth's lien, doc. #111; this amended motion is the iteration I have been calling the Original Motion. Though this iteration is still no model of clarity, one can discern in it, albeit not easily or with certainty, that the Debtor (who has at all times acted pro se) was seeking to avoid the Commonwealth's lien (its right under the escrow order) on the funds being held in escrow by the Plymouth County Sheriff, and that the Debtor contends that she could claim these funds as exempt under the Massachusetts homestead statute, ch. 188. The Commonwealth opposed the Original Motion on several grounds, among them (i)

that "[t]he Debtor's assertion that this $55,000 was somehow derived from the sale of her residence at 23 Ridgewood Crossing in Hingham (as it would have to be, in order to qualify for protection under the Massachusetts Homestead Act) is demonstrably erroneous on the face of her motion;" and (ii) that upon issuance of the Superior Court judgment, and by virtue of the order therein to release the $50,000 held in escrow to the Commonwealth, the $50,000 held in escrow became the Commonwealth's property, and the Debtor's interest therein was extinguished. At the hearing on the Motion, the Commonwealth also indicated that (as its counsel then believed) the monies in escrow had, as of the date of the hearing, already been disbursed by the Plymouth County Sheriff to the Commonwealth, and therefore that the lien had been dissolved: the Commonwealth's interest had thereby been transformed (if it had not already been transformed by the judgment) from a lien into full and outright title to the cash.

On October 1, 2019 and after a hearing on the Original Motion, the Court issued an order [doc. #124] that denied the motion as moot, because the funds had already been paid over to the Commonwealth. Three days later, the counsel to the Commonwealth filed a statement reporting that, after further investigation, he had learned that "while the General Counsel of the Sheriff's Office had directed the deputy director of its Process Unit to disburse the $50,000 held in the escrow account to the Commonwealth on June 5, 2019, a check in that amount was not actually sent to the Commonwealth until October 2, 2019 (the day after the hearing)."

**DISCUSSION**

In response, the Debtor filed the present motion for reconsideration. The Court held a hearing on the Motion. It is now undisputed that when the previous order entered, the funds had not yet been disbursed.

Still, the funds have apparently now been disbursed, and the Original Motion is therefore no less moot now than the Court believed it to be when the Court first denied it. However, having been stung once on the mootness issue, I will instead address the Original Motion on its merits. To that extent, and

4

that extent only, reconsideration is granted. Upon consideration of the merits, however, and for the following reasons, I again conclude that the Original Motion must be denied and therefore that vacatur of the original order should likewise be denied.

Under § 522(f)(1), the debtor may avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section[.]" 11 U.S.C. § 522(f)(1). The Debtor has claimed a homestead exemption as to the Condo. The Condo is her residence. She may and has claimed it as exempt under ch. 188. But the proceeds that constitute the escrow funds are not her Condo and they are not proceeds of her Condo (which has not been liquidated). They are proceeds of another property, the Crooked Meadow Property; she does not contend that she can claim that property as exempt. It is plain that she cannot: she cannot have two homesteads (and does not contend otherwise) and does not contend that the Crooked Meadow Property is her principal residence.

Rather, she argues that the monies in escrow somehow constitute a lien on the Condo, her homestead, and she contends that this conclusion is justified because the lien arose to secure a judgment whose basis was false claims she made in obtaining title to the Condo. The Commonwealth agrees, and I find, that the Commonwealth's judgment is based on false claims the Debtor made in obtaining title to the Condo. That does not make the escrow account a lien on the Condo. Rather, the lien in question is the Commonwealth's rights under the state court's escrow order, preserving the proceeds of another property to satisfy the judgment the Commonwealth then anticipated obtaining. For purposes of § 522(f)(1) and indeed for the Bankruptcy Code in general, "lien" is defined to mean "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). The escrow account is not a charge against or interest in the Condo. To contend that the Commonwealth's interest in the escrow account is somehow a lien on the Condo is simply wrong and nonsensical.

5

      The Original Motion must also be denied for the further reason that the Debtor is now judicially estopped from contending that she had an interest in the escrow account (which she must have in order to claim that interest as exempt and then to use the exemption as the basis of lien avoidance motion under § 522(f)). "The doctrine of judicial estoppel is equitable in nature. It operates to prevent a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding." *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010); *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Guay v. Burack*, 677 F.3d 10, 17 (1st Cir. 2012) ("it is well-established that a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding"). In the schedules the Debtor filed under oath in this bankruptcy case, which schedules required that she disclose all interests in property that she held upon her bankruptcy filing, she did not disclose her alleged interest in the escrow account. The Court relied on the truthfulness of her schedules in granting her a discharge in this case. Now, she seeks relief on the basis of an averment that she effectively denied by omission earlier:  that she has an interest in the escrowed monies. I do not know precisely where the truth lies, but when I inquired about the discrepancy at the hearing on the motion for reconsideration, the answer she gave was unintelligible—and in any event fell considerably short of supplying an innocent explanation for the discrepancy.  Under the doctrine of judicial estoppel as developed in the cited cases, I am satisfied that the Debtor is now judicially estopped from claiming that she has an interest in the monies that she now contends she could claim as exempt.

      For these reasons, a separate order will enter denying the motion for reconsideration.

Date:  January 3, 2020

_____
Frank J. Bailey
United States Bankruptcy Judge